J-A20027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LYNEA NEWSOME, ADMINISTRATRIX OF THE ESTATE OF IRA KING, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1856 EDA 2023 |
| | : | |
| JOHN FOBIA, M.D., KARTIK KATRAGADDA, M.D., FATIMA BABAR, M.D., JEFFREY MARCOE, M.D., KEVIN FLEMING, M.D., AMIT KAPOOR, M.D., JAY HUBSHER, M.D., NORRITON PHYSICIANS SERVICES, INC. D/B/A MERCY SURGICAL ASSOCIATES, MERCY PHILADELPHIA HOSPITAL, MERCY CATHOLIC MEDICAL CENTER OF SOUTHEASTERN PENNSYLVANIA D/B/A MERCY PHILADELPHIA HOSPITAL, MERCY HEALTH SYSTEM, AND TRINITY HEALTH MID-ATLANTIC | : | |

Appeal from the Order Entered October 19, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  200200149

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

JUDGMENT ORDER BY PANELLA, P.J.E.:          **FILED SEPTEMBER 19, 2024**

The issue in this case is whether the trial court correctly and appropriately entered summary judgment in favor of Appellees by way of its October 19, 2022 Order, due to the lack of an expert report addressing professional negligence. The trial court has aptly reviewed Appellant's

contention in its March 5, 2024 Opinion. The pertinent procedural history was accurately summarized by the trial court as follows:

> Plaintiff Lynea Newsome, individually and in her capacity as the Administratrix for the Estate of Ira King, commenced this medical malpractice action on February 3, 2020 by filing a Writ of Summons. **See** Trial docket ("Dkt.") at 2/3/20. Plaintiff's Amended Complaint, filed on June 22, 2020, alleges the defendants' failure to diagnose and treat a gastrointestinal bleed caused decedent Ira King's premature death. Amended Complaint at ¶¶ 57-135, Dkt at 6/22/20.
>
> On April 1, 2022, the [trial court] issued a Revised Case Management Order requiring the plaintiff to produce expert reports by July 4, 2020 and required all pre-trial motions to be filed by August 1, 2020. Dkt. at 4/1/22. Although Plaintiff produced expert[] reports addressing the negligence of some defendants, Plaintiff did not produce an expert report addressing the deficiencies in care provided by nephrologists Jay W. Hubsher, M.D. and Amit Kapoor, M.D. Accordingly, on August 1, 2022, Dr. Hubsher and Dr. Kapoor filed a motion for summary judgment arguing Plaintiff could not establish a *prima facie* case against them without expert testimony. **See** Motion for Summary Judgment of Defendants Jay W. Hubsher, M.D. and Amit Kapoor, M.D., Dkt. at 8/1/22, Control No. 22080166. Plaintiff filed a response in opposition on August 31st which, *inter alia*, attached the expert report of nephrologist Stuart Friedman, M.D. who opined the care provided by Dr. Hubsher and Dr. Kapoor was deficient. **See** Plaintiff's Opposition to the Motion for Summary Judgment of Defendants Jay W. Hubsher, M.D. and Amit Kapoor, M.D., Dkt. at 8/31/22, Control No. 22080166.
>
> By Order docketed October 20, 2022, [the trial court] granted summary judgment in favor of Dr. Hubsher and Dr. Kapoor based on Plaintiff's failure to disclose Dr. Friedman's expert report by the deadline set forth in [the trial court's] Revised Case Management Order. Dkt. at 10/20/22, Control No. 22080166. Plaintiff filed a Motion for Reconsideration, Dkt. at 10/21/22, which this Court denied. Dkt. at 10/21/22. On July 21, 2023, the Superior Court granted Plaintiff's petition for a permissive interlocutory appeal.

Trial Court Opinion, 3/5/24, at 1-2.

In its Opinion filed on March 5, 2024, pursuant to Pa.R.A.P. 1925(a), the trial court researched and authored a detailed discussion of the appellate caselaw relating to dismissal of lawsuits due to the late filing of expert reports. We repeat the substantive and well-written legal analysis applied by the trial court:

> In the case *sub judice*, Plaintiff filed Dr. Friedman's expert report as part of its response to the motion for summary judgment filed by Dr. Hubsher and Dr. Kapoor; therefore, this court must apply the [**Gerrow v. John Royle & Sons**, 813 A.2d 778 (Pa. 2002)] line of cases rather than [**Wolloch v. Aiken**, 815 A.2d 594 (Pa. 2002)]. In applying the **Gerrow** line of cases, this court must determine whether Dr. Hubsher and Dr. Kapoor have been prejudiced by the Plaintiff's late disclosure of Dr. Friedman's report. Dr. Friedman's expert report was not disclosed on the eve of trial, as was the case in [**Kurian ex rel. Kurian v. Anisman**, 851 A.2d 152 (Pa. Super. 2004)(*en banc*)]. Furthermore, the appeal of this matter has given Dr. Hubsher and Dr. Kapoor ample time to prepare a rebuttal to Dr. Friedman's proposed testimony; therefore, any prejudice caused [by] the tardy filing of Dr. Friedman's report has been neutralized. Dr. Hubsher and Dr. Kapoor have not identified any other prejudice they suffered because of Plaintiff's late disclosure of Dr. Friedman's report. Accordingly, it appears that **Gerrow** and its progeny required this court to consider the untimely disclosure of Dr. Friedman's expert report and deny summary judgment; this court's failure to do so was in error.

Trial Court Opinion, 3/5/24, at 5 (unnecessary capitalization omitted).

We commend the trial court for its candor in recognizing the error in its dismissal of the actions against Jay W. Hubsher, M.D. and Amit Kapoor, M.D.

We have reviewed the certified record and the briefs, the relevant law, and the well-written opinion of the Honorable Kenneth J. Powell, Jr. We have determined that the trial court's opinion comprehensively disposes of

Appellant's issue on appeal, with appropriate references to the record, and without legal error. Therefore, we reverse on this basis. **See** Trial Court Opinion, 3/5/24, attached hereto.

Order reversed. Case remanded in accordance with this Judgment Order.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/19/2024

COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | | |
|---|---|---|
| LYNEA NEWSOME, individually and as ADMINISTRATRIX of the ESTATE OF IRA KING | : : : | FEBRUARY TERM, 2020 |
| | : | NO. 149 |
| | : | 1856 EDA 2023 |
| v. | : | |
| | : | |
| JOHN FOBIA, M.D., et al. | : | |

**OPINION**

Kenneth J. Powell, Jr., S. J.          **March 5, 2024**

Plaintiff Lynea Newsome, individually and in her capacity as the Administratrix for the Estate of Ira King, commenced this medical malpractice action on February 3, 2020 by filing a Writ of Summons. *See* Trial Docket ("Dkt.") at 2/3/20. Plaintiff's Amended Complaint, filed on June 22, 2020, alleges the defendants' failure to diagnose and treat a gastrointestinal bleed caused decedent Ira King's premature death. Amended Complaint at ¶¶ 57-135, Dkt at 6/22/20.

On April 1, 2022, the Honorable Karen Shreeves-Johns issued a Revised Case Management Order requiring the plaintiff to produce expert reports by July 4, 2022 and required all pre-trial motions to be filed by August 1, 2022. Dkt. at 4/1/22. Although Plaintiff produced expert reports addressing the negligence of some defendants, Plaintiff did not produce an expert report addressing the deficiencies in care provided by nephrologists Jay W. Hubsher, M.D. and Amit Kapoor, M.D. Accordingly, on August 1, 2022, Dr. Hubsher and Dr. Kapoor filed a motion for summary judgment arguing Plaintiff could not establish a *prima facie* case against them without expert testimony. *See* Motion for Summary Judgment of Defendants Jay. W. Hubsher, M.D. and Amit Kapoor, M.D., Dkt. at 8/1/22, Control No. 22080166. Plaintiff filed a response in opposition on August 31st which, *inter alia*, attached the expert report of nephrologist

OPFLD-Newsome, Individually And As Admm Of The Estate O

20020014900186

Stuart Friedman, M.D. who opined the care provided by Dr. Hubsher and Dr. Kapoor was deficient. *See* Plaintiff's Opposition to the Motion for Summary Judgment of Defendants Jay. W. Hubsher, M.D. and Amit Kapoor, M.D., Dkt. at 8/31/22, Control No. 22080166.

By Order docketed October 20, 2022, this Court granted summary judgment in favor of Dr. Hubsher and Dr. Kapoor based on Plaintiff's failure to disclose Dr. Friedman's expert report by the deadline set forth in Judge Shreeves-Johns' Revised Case Management Order. Dkt. at 10/20/22, Control No. 22080166. Plaintiff filed a Motion for Reconsideration, Dkt. at 10/21/22, which this Court denied. Dkt. at 11/21/22. On July 21, 2023, the Superior Court granted Plaintiff's petition for a permissive interlocutory appeal.

## ANALYSIS

"More civil litigation occurs in Philadelphia County than in the remaining counties of this Commonwealth combined." *Gerrow v. John Royle & Sons*, 813 A.2d 778, 787 (Pa. 2002) (Nigro, J., *dissenting*); *see also* The First Judicial District Annual Report for 2021 at p. 7, https://www.courts.phila.gov/pdf/report/2021-First-Judicial-District-Annual-Report.pdf. Due to the volume of filings, the Philadelphia Court of Common Pleas employs a strict case management program to reduce judicial gridlock and ensure that cases move through the system in a timely manner. *Id.* Before implementing its strict case management program, the Philadelphia Court of Common Pleas had a backlog of over 28,000 cases and plaintiffs routinely waited five or six years between the filing of their case and trial. *Id.* at 787 n.1. Following the implementation of its case management program, the Philadelphia Court of Common Pleas cleared its backlog of cases, and the Trial Division - Civil Section is considered "one of the finest and most successful urban trial courts in the country." National Center for State Courts, <u>Civil Programs in the Philadelphia Court of Common Pleas — Final Report</u>, 88 (2004); Lisa M. Rau,

Judge (Ret.), <u>The Philadelphia Experiment in Civil Case Management – Journey from Disaster to Model Court</u>, University of Nevada, Reno (2019) <u>https://www.resonatemediation.com/the-philadelphia-experiment-in-civil-case-management-journey-from-disaster-to-model-court/#endnotes</u>.

In this case, three court orders imposed deadlines for Plaintiff to produce expert reports. First, the Honorable Arnold L. New issued a Case Management Order which required Plaintiff to produce any expert reports by February 7, 2022. Dkt. at 7/23/20. Eighteen months later, Judge Shreeves-Johns granted Plaintiff's unopposed request to extend the deadlines and ordered Plaintiff to produce any expert reports by May 2, 2022. Dkt. at 12/10/21. Finally, on April 1, 2022, Judge Shreeves-Johns granted a request to extend the deadlines and ordered Plaintiff to produce expert reports by July 4, 2022. Dkt. at 4/1/22. Plaintiff failed to comply with this deadline as it relates to Dr. Hubsher and Dr. Kapoor; instead, Plaintiff did not produce Dr. Friedman's report until August 31, 2022.

The question then becomes, how should Plaintiff's failure to abide by the case management order be addressed? Allowing parties to flout case management orders cannot be tolerated; doing so would make a mockery of court-imposed deadlines while causing the backlog that plagued the Philadelphia Court of Common Pleas in the 1990s to return. However, draconian adherence to the case management orders can, at times, create an unjust result.

Twenty-two years ago, our Supreme Court wrestled with this exact issue – how the Philadelphia Court of Common Pleas should address a party's noncompliance with its case management orders – and released two opinions on the same day addressing the topic. In *Wolloch v. Aiken*, the plaintiff failed to produce an expert report by the deadline set by the trial court. *Wolloch*, 815 A.2d 594, 595 (Pa. 2002). After the deadline passed, the defendants filed

3

motions for summary judgment arguing the plaintiff could not make out a *prima facie* case of malpractice without expert testimony. *Id.* The plaintiff did not respond to the motions, and the trial court granted summary judgment in favor of the defendants. *Id.* The plaintiff then produced expert reports and sought reconsideration of the entry of summary judgment. *Id.* The trial court, citing the plaintiff's noncompliance with the case management deadlines, denied reconsideration. *Id.* The Supreme Court affirmed, observing that at the time the trial court decided the motion for summary judgment, the plaintiff could not establish a *prima facie* case for malpractice because there was no expert testimony. *Id.* at 598.

In *Gerrow*, the plaintiff failed to produce an expert report by the deadline set by the case management order, and the defendant filed a summary judgment motion citing the absence of expert reports. *Gerrow*, 813 A.2d at 780. Unlike the plaintiff in *Wolloch*, the *Gerrow* plaintiff filed a timely response to the motion for summary judgment and attached an expert report. *Id.* The trial court refused to consider the expert report and entered summary judgment in favor of the defendant. *Id.* A plurality of the Supreme Court reversed the trial court, reasoning that since Pa.R.C.P. 1035(b) permits a party to supplement the record in response to a motion for summary judgment, the plaintiff's production of expert report was proper even though the timing of the plaintiff's production violated the case management order. *Id.* at 781-82.

Following the Supreme Court's decisions in *Wolloch* and *Gerrow*, the Superior Court further refined the analysis. An *en banc* panel of the Superior Court adopted the plurality's reasoning in *Gerrow* but recognized that trial courts retain the discretion to disregard the late filing as a discovery sanction under Pa.R.C.P. 4003.5(b). *Kurian ex rel. Kurianv v. Anisman*, 851 A.2d 152, 159 (Pa. Super. 2004) (*en banc*). Our appellate courts have been clear that a trial court cannot disregard a late expert report under Rule 4003.5(b) unless the complaining party shows it

4

has been prejudiced in preparing its case for trial as result of the late disclosure. *Compare Kurian*, 851 A.2d at 162 (affirming the trial court decision to disregard an untimely expert report when the party offering the expert report continually violated court ordered deadlines, and produced the expert report on the day the parties were supposed to go to trial) *with Gerrow*, 813 A.2d at 780 (reversing trial court's decision to disregard expert report that was filed sixty days after the disclosure deadline when the defendant had previously joined in the plaintiff's request to extend the deadline for disclosure). Any prejudice must be explicit in the record; "the prejudice may not be assumed." *Kurian*, 851 A.2d at 159.

In the case *sub judice*, Plaintiff filed Dr. Friedman's expert report as part of its response to the motion for summary judgment filed by Dr. Hubsher and Dr. Kapoor; therefore, this court must apply the *Gerrow* line of cases rather than *Wolloch*. In applying the *Gerrow* line of cases, this Court must determine whether Dr. Hubsher and Dr. Kapoor have been prejudiced by the Plaintiff's late disclosure of Dr. Friedman's report. Dr. Friedman's expert report was not disclosed of the eve of trial, as was the case in *Kurian*. Furthermore, the appeal of this matter has given Dr. Hubsher and Dr. Kapoor ample time to prepare a rebuttal to Dr. Friedman's proposed testimony; therefore, any prejudice caused the tardy filing of Dr. Friedman's report has been neutralized. Dr. Hubsher and Dr. Kapoor have not identified any other prejudice they suffered because of Plaintiff's late disclosure of Dr. Friedman's report. Accordingly, it appears that *Gerrow* and its progeny required this Court to consider the untimely disclosure of Dr. Friendman's expert report and deny summary judgment; this Court's failure to do so was in error.

5

WHEREFORE, for the reasons set forth above, this Court respectfully requests the Superior Court take any action it deems appropriate.

BY THE COURT:

_____
KENNETH J. POWELL, JR.,　　J.